Judge Ewing
delivered the Opinion of the Court.
Susan, a woman, of colour, filed her bill against Elisha Ladd, asserting her right to freedom, under the last will and testament of Benjamin Ladd, deceased. She alledges that she had been permitted by the elecutors of the will, of whom the defendant was one, to go at large as a free woman, ever since the death of said Benjamin, her former master — it being upwards of six years — until the defendant had latterly taken her up, as a slave, and she was apprehensive would run her off to foreign parts, and dispose of her as such. She prayed that she might have her freedom, and be quieted in its enjoyment.
The defendant answered, controverting her right to freedom, alleging that said paper, set up as the will of the decedent, bears date subsequent to the death of said Benjamin, and was made in Tennessee, where the laws do not authorize a person to emancipate his slaves, by will, and denying an intention to run the complainant off.
It seems thatBenjaminLadd died in Tennessee, which was the place of his residence, and his will was admitted to recordv there, upon' the proof of the two subscribing witnesses. That a copy thereof was produced, to the County Court of Trigg, at their March term, 1827, by the defendant, as- executor, and ordered to record. And the complainant being emancipated by the will, was, from thenceforth, permitted to go at large, as a free woman, until the 1st day of April, 1833, when she was (taken up by the defendant as a slave. ’ And upon these facts, the Circuit Court dismissed her bill, without prejudice.
We cannot perceive upon what ground the bill was dismissed.
*31 A bill will as well lie, to assert, and establish her freedom, and quiet her in the enjoyment of it, when she claims under the mil of her deceased master, as when she claims by deed of emancipation. And the jurisdiction of the chancellor has been repeatedly recognized by this Court, in the latter case.
A copy of the will is exhibited, and read on the trial, and no objection made to it; any irregularity in its authentication cannot, therefore, be enquired into, in this Court.
The fact that the will bears date on the 19th day of February, 1827, and the witnesses prove that the testator was buried on the sixth of the same month, and year, cannot be availing to invalidate the will. A codicil attached to the will which refers to it, and was intended to compose a part of it, bears date the 27th January, 18 27, and the certificate of the oath pf the two witnesses proving the will taken before a justice of the peace in Tennessee, bears date on the same day. Which clearly shows that the date attached to the will, was a mistake, in writing February for January, or some preceding month.
A right of property in the thing carries with it the right to make what disposition of it the owner may please, not inhibited by law. A slave is property, and as such, the owner may sell, alien, emancipate or dispose of the same, in his lifetime, or at his death by his will, in any manner he may deem proper, unless he be inhibited by some municipal regulation of the State where he is domiciled and dies. If there be any inhibition or restriction upon his rights, it lies upon the party to show it, who claims in opposition to the will. No such inhibition is shown in this case. We will presume, therefore, that none such exists.
The decree of the Circuit Court is therefore reversed, and cause remanded, that a decree may be rendered declaring the freedom of the complainant, and quieting her in the enjoyment thereof, with costs. And the appellant is entitled to her costs in this Court.